STEPHEN L. DAVIS (State Bar No. 149817)
MARK R. LEONARD (State Bar No. 219186)
DAVIS & LEONARD LLP
8880 Cal Center Drive, Suite 180
Sacramento, California 95826
Telephone:  (916) 362-9000
Fax:  (916) 362-9066
E-mail:  mleonard@davisandleonard.com

Attorneys for Defendant
Ronald Leonard dba RV Travel Guides

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMICHAEL LODGE NO. 2103, BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF THE UNITED STATES OF AMERICA, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>RONALD L. LEONARD dba RV TRAVEL GUIDES, a California Company,<br><br>Defendant.<br><br>RONALD L. LEONARD dba RV TRAVEL GUIDES, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>CARMICHAEL LODGE NO. 2103, BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF THE UNITED STATES OF AMERICA, a California corporation,<br><br>Counter-Defendant. | CASE NO. 2:07-CV-02665-LKK GGH<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT RONALD L. LEONARD'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS** |

1    I. INTRODUCTION

2        Pursuant to the Court's June 22 and 24 Orders, Defendant and Counterclaimant

3    Ronald L. Leonard ("Leonard") submits this supplemental brief addressing the issues of

4    the copyrightability of 1) "a travel guide for Elks" and 2) an RV travel guide for Elks.

5        Section A of the argument below provides an overview of the copyrightability of

6    travel guides in general, and how copyrightability is limited, by both the "merger" doctrine

7    and "scenes a faire" doctrine, to the original creative elements of the guides.

8        Section B applies these doctrines to the copyrightability of Leonard's travel guides,

9    and analyzes how those doctrines affect his copyright infringement claims.  Although the

10    copyright protection afforded to Leonard's guides is somewhat limited, there is

11    nevertheless significant original creative expression in Leonard's selection and

12    arrangement of the non-obvious information and maps in his travel guides.  Moreover, it is

13    undisputed that the Carmichael Elks have directly copied Leonard's expressive work.  As a

14    matter of law, then, Leonard should prevail in his motion for summary adjudication of his

15    copyright infringement claim.

16        Section C applies these doctrines to the plaintiff's copyright infringement claims

17    against Leonard.  Plaintiff's copyright claims fail as a matter of law because (a) under

18    these doctrines the amount of copyrightable material in the plaintiff's guides, if it exists at

19    all, is much more limited than in Leonard's guides, and (b) to the extent there is any

20    copyrightable material, there is no evidence that Leonard has copied it.

21

22    II. ARGUMENT

23

24    A.    The Copyright Protection Afforded To Factual Works (Such As Travel Guides) Is
         Limited.

25        "Copyright law considers factual works to be fundamentally different from more

26    artistic works."   *Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d

27    485, 491 (9th Cir. 1985) (idea of a radiator catalog could only be expressed in a limited

28

1   number of ways so inclusion of similar information in a competitor's catalog was not

2   copyright infringement) (overruled on other grounds *Fogerty v. Fantasy, Inc.*, 510 U.S.

3   517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)).  The "author of a factual work ultimately

4   must show that what has been taken from his expression is something more than what

5   'must unavoidably be produced by anyone who wishes to use and restate' the facts that

6   form the greater part of the work."  *Cooling Systems*, 777 F.2d at 492 (citations omitted).

7   A travel guide for Elks or an RV travel guide for Elks must consist to a significant degree

8   of facts, namely, information about Elks lodges to be used as a resource for Elks members

9   who may wish to visit those lodges.  Determining the scope of copyrightable expression in

10  such works therefore requires one to identify and exclude anything that "must unavoidably

11  be produced by anyone who wishes to use and restate" facts about Elks lodges.

12      In addition to the analysis of factual compilations in Leonard's opening and reply

13  briefs, two doctrines – the merger doctrine and the scenes a faire doctrine – are applicable

14  in this case and help segregate in works such as these what is copyrightable and what is

15  not.  Each of the latter doctrines is discussed below in turn.

16      1.    Under The Merger Doctrine, The Ideas Of An Elks Travel Guide Or RV
17            Travel Guide Can Only Be Expressed In A Limited Number Of Ways.

18      "When an idea and its expression are indistinguishable, or 'merged,' the

19  expression will only be protected against nearly identical copying." *Apple Computer, Inc.

20  v. Microsoft Corp.*, 35 F.3d 1435, 1444 (9th Cir. 1994).  "Subsequent authors wishing to

21  express the ideas contained in a factual work often can choose from only a narrow range of

22  expression."  *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485, 488 (9[th]

23  Cir. 1984.

24      The court in *Apple Computer* applied the merger doctrine to determine that the idea

25  of an icon on a computer interface designed as a desktop limited the way that idea could be

26  expressed.  *Apple Computer*, 35 F.3d at 1444.  Finding that an icon shaped like a page of

27  paper "is an obvious choice", that court thus limited the copyrightability of that expression.

28  *Id*.  The idea of a travel guide for Elks members can also be expressed only in a limited

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT RONALD L. LEONARD'S MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF
CLAIMS

1    number of ways.  Obvious choices of information in such guides would include the name,

2    address, phone number, meeting hours, bar and dining hours for the Elks lodges listed in

3    the guides.  Directions to the lodge, information about its location (e.g. across the street

4    from a landmark), and facilities at the lodge (e.g. a swimming pool) are also obvious

5    choices of information.

6        Similarly, the expression of the idea of an RV travel guide for Elks members is also

7    limited.  Obvious choices of information to select for such guides would be the presence or

8    absence of RV parking facilities, water and electricity connections, time limits on parking,

9    and any fee to park at the lodge.  Thus, because the options for expressing the ideas of a

10   travel guide or RV travel guide for Elks members are limited, no one can claim copyright

11   protection in the information that would be obviously chosen to include in such guides.

12

13       2.    The Protectable Expression In An Elk Travel Guide Or RV Travel Guide Is
              Also Limited Under The Scenes A Faire Doctrine.

14       "A closely related limiting doctrine to merger, scenes a faire, holds that expressions

15   indispensable and naturally associated with the treatment of a given idea 'are treated like

16   ideas and are therefore not protected by copyright.'" *Rice v. Fox Broadcasting Co.*, 330

17   F.3d 1170, 1175 (9th Cir. 2003) (citations omitted).  The works in *Rice* consisted of

18   competing television programs featuring masked magicians revealing how magic tricks

19   were performed.  *Rice*, 330 F.3d at 1176.  Applying the doctrines of merger and scenes a

20   faire, the *Rice* court found that such similarities were dictated by the idea of the programs

21   themselves and therefore were not protectable.  *Id.*

22       As discussed above, the expression in a travel guide for Elks would consist in part

23   of the name, address, phone number, meeting hours, bar and dining hours, directions to and

24   facilities at Elks lodges in various cities.  Such expression is "indispensable"  and

25   "naturally associated" with travel guides for Elk members.  Similarly, "indispensable"

26   information for an Elk RV travel guide would include the presence or absence of RV

27   parking facilities, water and electricity connections, time limits on parking, and any fee to

28

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT RONALD L. LEONARD'S MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF
CLAIMS

1   park at the lodge.  Accordingly, under the doctrine of scenes a faire, no one can claim

2   copyright protection to the selection of such information.

3   B.       The Protectable Elements In Leonard's Guides Are The Selection Of Non-RV And
             Lodge Related Facts And The Maps And That Expression Has Been Nearly
4            Identically Copied By The Carmichael Elks.

5

6            Applying the doctrines of merger and scenes a faire, as well as the factual

7   compilation analysis in Leonard's opening and reply briefs,  the remaining expression in

8   Leonard's guides that is not "an obvious choice" or "indispensable" consists of (a) the

9   selection of  facts that are not related to the lodges or RV's and (b) the selection and

10  arrangement of elements in the maps of the lodges locations. *see* Memorandum of Points

11  And Authorities In Support of Defendant Ronald Leonard's Motion For Summary

12  Judgment ("Leonard MSJ Brief") pp. 7:19-9:5.

13

14           1.       The Protectable Information In Leonard's Guides Is Extensive.

15           The non-obvious information selected for inclusion in the Leonard Guides

16  highlights a local attraction or point of interest for a traveler in the city where a lodge is

17  located.  For example, Leonard Guide I includes information on 24 museums located near

18  particular lodges. R. Leonard Decl. Ex. A   *See also* Leonard Statement of Undisputed

19  Facts, Appendix II.  The inclusion of a nearby museum in a travel guide or RV travel guide

20  for Elks is not a fact that is "indispensable" for Elks members traveling to those cities.  It

21  instead reflects Leonard's creativity in selecting among the points of interest in a city and

22  deciding which of those to include in his guides and is therefore protectable expression.

23           2.       Leonard's Maps Are Also Protectable Expression.

24           The merger doctrine will not impair the copyrightability of a map where the

25  mapmaker exercises creativity through the selection of sources for the maps, interpretation

26  of those sources, and skill and judgment in depicting the information.  *Mason v.*

27  *Montgomery Data, Inc.*, 967 F.2d 135, 139 (5th Cir. 1992).  The court in *Mason* found that

28  by exercising such creativity and judgment the plaintiff's copyright in his maps was not

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT RONALD L. LEONARD'S MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF
CLAIMS

1  barred by the merger doctrine because other mapmakers could express the ideas in the

2  maps differently.  *Mason*, 967 F.2d at 140.

3      Leonard created maps for the lodges in his guides by looking at a variety of online

4  maps. Leonard Depo. p.132:11-15 (M. Leonard Decl. Ex. B).  Using those maps as

5  references, he drew his own maps in a computer drawing program editing the roads shown

6  in the original online map in order to show what he considered to be the best route for an

7  RV traveler to take to a lodge.  Leonard Depo. p.133:2-135:9 (M. Leonard Decl. Ex. B).

8  Thus, like the plaintiff in *Mason*, Leonard exercised creativity in the selection of his

9  sources, interpretation of those sources, and skill and judgment in depicting the

10  information.

11      That the ideas in Leonard's maps can be expressed differently is readily apparent

12  from a comparison of the maps in the David Guides.  The maps in the David Guides are

13  hand drawn with most streets depicted by straight lines, little or no variation in the density

14  of the lines to indicate major highways, lodges are depicted by a box with an "X" in it, and

15  interstates and highways use written "I" and "Hwy" or "HIWAY" designations

16  respectively.  M. Leonard Decl. Exs. D, E.  In contrast, the maps in Leonard's guides

17  depict roads using their actual contours as opposed to just straight lines, the lines for major

18  roads have a higher density, lodges are depicted by a star, and interstates and highways are

19  indicated using graphical symbols and numbers rather than written designations.  R.

20  Leonard Decl. Exs. A, B.

21      Thus, Leonard's maps are copyrightable because of the judgment and creativity he

22  exercised in creating them and that copyright is not barred by merger because the ideas

23  behind the maps, i.e. depicting the location of a lodge, can be expressed differently.

24

25      3.    The Carmichael Elks Have Copied The Leonard Guides Nearly Verbatim.

26      As discussed above, as factual works, Leonard's copyrightable expression in his

27  guides consists of the selection of non-obvious information and maps in the guides.  Since

28  March 2007 the Carmichael Elks have continued to sell versions of Leonard Guides I, II,

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT RONALD L. LEONARD'S MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF
CLAIMS

1  and III that are based on the last versions Leonard created before the dispute arose. Wright

2  Depo. p. 74:10-17 (M. Leonard Decl. Ex. A).  The versions sold by the Carmichael Elks

3  are nearly identical to Leonard's copyrighted versions, with only minor revisions

4  consisting of updates to some of the lodge information.  For example, a comparison of the

5  points of interest from a sample of lodges in each state shows that the that same

6  information in the guides sold by the Carmichael Elks are not just substantially similar to,

7  but in many cases copy verbatim, the points of interest information in Leonard's registered

8  Guides.  *See* Statement of Undisputed Facts Appendix II.  Similarly, the overwhelming

9  majority of the maps in the versions sold by the Carmichael Elks since March 2007 are

10  also identical to the maps in Leonard's registered Guides.  R. Leonard Decl. Exs. A-C; M.

11  Leonard Decl. Exs. H-M.  Leonard's motion for summary judgment on his copyright claim

12  should therefore be granted.

13

14  C.    The Potentially Protectable Elements In The Carmichael Elks' Guides Are
             Extremely Limited And Have Not Been Copied By Leonard.

15         As discussed in Leonard's opening brief, the Carmichael Elks' copyright for

16  "Elkdom Travel Guide III", Reg. No. TX-6-553-819 is invalid.  Leonard MSJ Brief pp.

17  10:19-13:4.  The following analysis will therefore focus on the potentially protectable

18  information in the Carmichael Elks' registrations for the versions of David Guides I and II.

19

20         1.    The Potentially Protectable Information In The Carmichael Elks' Guides Is
                    Extremely Limited.

21         The non-obvious information selected in David Guides I and II that highlights a

22  local attraction or point of interest for a traveler in the city where a lodge is located is very

23  sparse.  For example, the information in David Guide I for the Portland, Oregon lodge

24  states "Try the best Snack Wagon in the State on N.E. Marine Drive behind the Airport –

25  SUPER HOME BAKED COOKIES. Open til dark  Closed on Sa."  M. Leonard Decl. Ex.

26  D (Document No. ELKS000079).  Whether David Guides I and II are considered travel

27  guides or RV travel guides for Elk members, the inclusion of a particular restaurant

28

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT RONALD L. LEONARD'S MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF
CLAIMS

1   recommendation in the guide is potentially protectible expression because its selection is

2   not dictated by the idea of the guides.  There are however, very few examples of selections

3   of such protectable information in the David Guides.  s*ee* Leonard's Statement of

4   Undisputed Facts, Appendix I.  For example, while Leonard's Guide I mentions 24

5   museums, David Guide I lists none.  R. Leonard Decl Ex. A; M. Leonard Decl. Ex. D.

6   With the selection of such a small amount of non-obvious information, the Carmichael

7   Elks' copyrights in the David Guides are so weak that perhaps they do not exist at all.

8            2.       The Copyrightability Of The Maps In The Carmichael Elks' Guides Is

9                     Highly Questionable.

10      When asked about the sources for the maps used in the David Guides Mr. Wright

11  testified that "In many cases the lodges provided them.  In other cases we just looked at a

12  road map and drew straight lines representing the streets and highways and freeways and

13  designated where the lodge was in relationship to the streets."  Wright Depo. 23:6-12 (M.

14  Leonard Decl. Ex. A).  Thus, "in many cases" there was no authorship by the Davids in the

15  maps at all because they just included the maps provided to them by the lodges.  For those

16  maps that were authored by the Davids, they simply copied a road map using straight lines.

17  That minimum level of effort stands in stark contrast to the creative judgment exercised by

18  Leonard in the preparation of his maps and calls into question whether the maps in the

19  David Guides are copyrightable.

20           3.       Even If The Carmichael Elks' Guides Contain Protectable Expression,

21                    Leonard Did Not Copy Such Expression.

22      As discussed above and in Leonard's opening and reply briefs, there is very little

23  non-obvious information in the David Guides.  For example, David Guide I contains only a

24  single restaurant recommendation and that "hunting, fishing and skiing" is available in

25  season near another lodge.  Leonard Statement of Undisputed Facts, Appendix I.  A

26  comparison of the potentially protectable information in David Guides I and II and

27  Leonard Guides I and II clearly shows that Leonard did not copy such information.  *Id*

28

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT RONALD L. LEONARD'S MOTION FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF
CLAIMS

1    There is also no substantial similarity between the maps in the David Guides and

2    the maps for the corresponding Leonard Guides.  In its opposition, the Carmichael Elks

3    made no attempt to argue that Leonard copied any protectable elements, assuming there are

4    any, of the David Guide maps.  Instead, it argued that some of the features in Leonard's

5    maps are not copyrightable and that they were derived from "public domain information."

6    Carmichael Elks Opp. pp. 19:19-20:22.  The Carmichael Elks thus apparently admit the

7    fact that Leonard did not copy his maps from the maps in the David Guides.

8    A comparison of the maps also establishes that Leonard did not copy the maps in

9    the David Guides.  As discussed above, the maps in the David Guides are hand drawn with

10    little or no variation in the density of the lines to indicate major highways, lodges are

11    depicted by a box with an "X" in it, and interstates and highways use written "I" and

12    "Hwy" or "HIWAY" designations respectively.  M. Leonard Decl. Exs. D, E.  In contrast,

13    the maps in Leonard's guides depict roads using their actual contours, the lines for major

14    roads have a higher density, and lodges, interstates and highways are indicated using

15    different designations.   R. Leonard Decl. Exs. A, B.

16    Because there is no substantial similarity between the non-obvious information or

17    maps in the David and Leonard Guides, the Carmichael Elks copyright claim fails as a

18    matter of law.

19                                    III. CONCLUSION

20    For the reasons set forth above, Leonard respectfully requests the Court to grant his

21    Motion For Summary Judgment Or In The Alternative For Summary Adjudication of

22    Claims

23

24    Dated July 7, 2009

25                                                   DAVIS & LEONARD, LLP

26

27                                                   s/Mark R. Leonard_____
                                                     Mark R. Leonard
28                                                   Attorneys for Defendant/Counterclaimant
                                                     Ronald L. Leonard dba RV Travel Guides